IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BOBBIE JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Cause No. 3:20-cv-333 |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| FLINT LAW FIRM, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

1. Plaintiff, Bobbie Jones (hereinafter *Plaintiff*"), through her undersigned Counsel, hereby brings suit for reinstatement, damages and injunctive relief to redress the deprivation of rights secured to plaintiff by the Americans With Disabilities Act of 1990, 42 U.S.C. §§ 12101 et seq. and/or the Family and Medical Leave Act of 1993 (FMLA), 29 U.S.C. §§ 2601 et seq.

2. The jurisdiction of the Court over this controversy is invoked pursuant to the provisions of 29 U.S.C. § 1331, 29 U.S.C. § 2617, 29 U.S.C. § 1343 (a) (4), and/or 42 U.S.C. § 12117(a).

3. Plaintiff has received a Notice of Right to Sue issued by the U.S. Equal Employment Opportunity Commission and mailed on January 7, 2020. That Notice is attached hereto as Exhibit 1. This Complaint is being filed within 90 days of receipt of that Notice.

4. The unlawful employment practices alleged below were committed within the State of Illinois. Accordingly, venue lies in the United States District Court for the Southern District of Illinois under 29 U.S.C. § 1391(b).

## PARTIES

5. The plaintiff is a citizen of the United States and a resident of the State of Illinois. Plaintiff is a person entitled to protection pursuant to the provisions of 42 U.S.C. § 12111(8), or

alternatively or conjunctively, pursuant to 29 U.S.C. § 2611(2)(a) to be treated as an employee within the meaning of the FMLA.

6. The defendant, Flint Law Firm (hereinafter "***Defendant***" or "***Company***"), is an Illinois organization. Defendant is an employer within the State of Illinois. The principal office of Defendant is 222 E. Park St., Ste 550, Edwardsville, IL 62025.  Defendant was the "employer" of plaintiff within the meaning of 29 U.S.C. § 2611(4)(a) at all times relevant to this action. Additionally, defendant was the "employer" of plaintiff within the meaning of 29 U.S.C. § 2611(4)(a) and 42 U.S.C. § 12102(5) (A).

## STATEMENT OF FACTS

7. At the time of termination of her employment, plaintiff was employed by Defendant as a paralegal. Plaintiff worked out of the principal office as identified in numbered paragraph 6 above. At all times relevant herein, defendant employs at least 75 individuals.

8. Plaintiff was hired as an Asbestos Litigation Paralegal on or about April 28, 2014. Her employment was continuous up until the termination of her employment.

9. While employed, plaintiff's ending rate of pay was $23.50 per hour. She also received Company-sponsored benefits not limited to medical insurance. She worked between 37.5 and 40 hours per week.

10. Plaintiff suffers from low back pain, sciatica, migraines, psoriatic arthritis, fibromyalgia, depression, sleep apnea, hidradenitis suppurativa, and insomnia and Company was aware that plaintiff suffered from these serious medical conditions.

11. In early 2017, Plaintiff had health problems that sometimes made physical movements difficult and required Plaintiff to attend scheduled doctor appointments, resulting in occasional tardiness or absences.

12. Plaintiff asked her supervisor, Laci Whitely, if she could have the reasonable accommodation of missing work to attend doctor appointments, resulting in occasional tardiness or absences.  Plaintiff's supervisor, Laci Whitley, indicated that there was no problem with her taking off of work as needed for the appointments.

13. Even with the occasional tardiness or absences, Plaintiff was able to complete the essential functions of her job.

14. In July 2017, another partner at the firm, Jacob Flint, learned of Plaintiff's tardiness and/or absences due to her health problems and sent her an e-mail reprimanding her for her absences and tardiness.

15. In or about August 21, 2017 that Plaintiff requested intermittent leave pursuant to the Family and Medical Leave Act. Plaintiff's request was approved on August 21, 2017.

16. Plaintiff's intermittent FMLA leave did not interfere with her work performance.

17. A few weeks after Plaintiff filed FMLA paperwork, Jacob Flint sent her an email assigning her different job duties while she was on FMLA.  Plaintiff became a back-up paralegal and her work station was moved to another location.

18. From August 2017 to August 2018, there was an extremely high turnover in her former position as a paralegal in the asbestos department.

19. From August 2017 to August 2018, Plaintiff frequently performed her prior job but without the title of the position.

20. Plaintiff repeatedly requested that she could have her job back, only to be told that she could return to her original job or an equivalent job when she was no longer on FMLA.

21. In or about December 2017, Plaintiff's job duties were changed to include the duties of a backup receptionist.

22. In January of 2018, Plaintiff resubmitted her FMLA paperwork, as she was informed that the period for FMLA was January to December.

23. In May of 2018, Defendant posted Plaintiff's position of Asbestos Litigation Paralegal.

24. On or about August 23, 2018, Plaintiff was informed that she was being terminated for "reduction of workforce."

25. Employees who began working after Plaintiff were not subjected to the reduction in workforce.

## COUNT I – Violation of the Americans with Disabilities Act

26. Plaintiff restates, realleges and reavers and hereby incorporates by reference any and all allegations of paragraphs 1 through 25 inclusive, herein. In addition, plaintiff alleges that defendant unlawfully and discriminatorily terminated or constructively terminated plaintiff's employment on account of her disability or disabilities and said actions violate the provisions of the Americans With Disabilities Act, as amended, 42 U.S.C. §§ 12101 et seq., justifying an award, inter alia, of back pay, front pay, interest, benefits, special damages, compensatory and punitive damages against said defendant.

WHEREFORE, plaintiff respectfully prays for judgment against defendant as follows:

A. For a money judgment representing compensatory damages, including lost wages, past and future wages, all other sums of money, including any and all benefits and any other employment benefits together with interest on said amounts, in addition to tort damages;

B. For a money judgment representing punitive damages for defendant's willful violations of law;

C. For a money judgment representing prejudgment interest, if applicable;

D. Reinstatement and restoration of benefits;

E.  For reasonable attorneys' fees, costs, and expenses;

F.  That this Court retain jurisdiction over this action until defendant has fully complied with the orders of this Court, and that this Court require defendant to file any and all reports necessary and to supervise compliance with law that any and all matters related hereto be done in conformance with the applicable ADA and FMLA provisions;

G.  For lost monies and damages pertaining to out-of-pocket expenses;

H.  For further, other, and additional relief as the Court deems proper.

### COUNT II – Violation of the Family and Medical Leave Act

27. Plaintiff restates, realleges and reavers and hereby incorporates by reference any and all allegations of paragraphs 1 through 26 inclusive, herein. In addition, plaintiff alleges that defendant's unlawful termination or constructive termination of her employment violates the laws of the Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2601 et seq. justifying an award, inter alia, of back pay, interest, special damages (if applicable), and any and all other damages that she is entitled to under law against defendant.

WHEREFORE, plaintiff respectfully prays for judgment against defendant as follows:

A.  For a money judgment representing compensatory damages, including lost wages, past and future wages, all other sums of money, including any and all benefits and any other employment benefits together with interest on said amounts, in addition to tort damages;

B.  For a money judgment representing punitive damages for defendant's willful violations of law;

C.  For a money judgment representing prejudgment interest, if applicable;

D.  Reinstatement and restoration of benefits;

E. For reasonable attorneys' fees, costs, and expenses;

F. That this Court retain jurisdiction over this action until defendant has fully complied with the orders of this Court, and that this Court require defendant to file any and all reports necessary and to supervise compliance with law that any and all matters related hereto be done in conformance with the applicable ADA and FMLA provisions;

G. For lost monies and damages pertaining to out-of-pocket expenses;

H. For further, other, and additional relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff herein demands a trial by jury of all issues in this action.

Respectfully Submitted,

*McMichael, Logan, Schaeffer, & Gilpin*

By: _/s/ Michelle K. Faron_____
Michelle K. Faron #IL6322507
Attorney for Plaintiff
12166 Old Big Bend Rd., Suite 99
Kirkwood, MO 63122
(636) 532-1400 Office
(888) 823-1441 Facsimile
michelle@mcmichael-logan.com